Mario Guerrero Noble, peticionario y apelante, *v.* Corte Municipal de San Juan, Sección Primera, Hon. R. A. González, Juez, demandada y apelada, y Manuel L. Clemente, Interventor y apelado.

Núm. 8126.—*Sometido:* Febrero 19, 1940. *Resuelto:* Febrero 21, 1940.

*Dubón & Ochoteco, José Otero Suro, Rodrigo Otero Suro* y *Diego Guerrero Noble,* abogados del apelante; *R. Soltero Peralta,* abogado del interventor apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Manuel L. Clemente instituyó demanda de desahucio contra Mario Guerrero Noble en la Corte Municipal de San Juan, Sección Primera. Señalada la primera comparecencia para las dos de la tarde del día 22 de septiembre del año pasado, se expidió el correspondiente emplazamiento dirigido al demandado y diligenciado el 16 del mismo mes. Llamada a la vista de la primera comparecencia, no concurrió el demandante. Aunque el demandado compare-

ció, no solicitó sentencia dando al demandante por desistido de su acción. La corte, a moción del demandante de fecha 25 del mismo mes, dictó una orden señalando de nuevo la primera comparecencia para el 29 de septiembre de 1939 a las dos de la tarde.

En cumplimiento de la citada orden, el secretario expidió un nuevo emplazamiento que fué diligenciado el 3 de dicho mes. El día señalado por segunda vez para la primera comparecencia, presentó el demandado una moción impugnando la validez del segundo emplazamiento, moción que fué desestimada el 13 de octubre próximo mediante la siguiente resolución:

"La Corte, resolviendo la moción del demandado impugnando su citación a virtud de la orden dictada por esta Corte en 25 de septiembre de 1939, declara sin lugar dicha moción por el fundamento de que habiendo sido hecho ya un señalamiento anterior para la vista de la primera comparecencia, para cuya vista el demandado fué emplazado con copia de la demanda presentada, aun cuando la vista de esa primera comparecencia no fué celebrada por incomparecencia del demandante, éste no venía obligado a emplazar de nuevo con copia de la demanda a dicho demandado."

En la misma fecha solicitó el demandado la reconsideración de la precitada orden, la que también fué denegada por resolución del 14 del mismo mes.

Para revisar la orden de 13 de octubre antes transcrita, radicó el demandado una petición de *certiorari* en la Corte de Distrito de San Juan, la que después de oír a las partes, con fecha 2 de noviembre último anuló el auto expedido, basando su sentencia en el hecho de que cuando la Corte Municipal dictó la segunda orden para la celebración de la primera comparecencia, ya dicho tribunal había adquirido jurisdicción sobre la persona del demandado y por consiguiente era inmaterial cualquier defecto de que pudiera adolecer el llamado segundo emplazamiento. El 24 de noviembre el demandado solicitó la reconsideración de la ameritada sentencia de la corte de distrito, desestimándose su

moción el primero de diciembre siguiente. Contra la sentencia de la corte inferior anulando el auto de *certiorari*, estableció el demandado el presente recurso, cuya desestimación solicita ahora el interventor apelado por motivo de frivolidad.

■ Sean cuales fueren los defectos del primer emplazamiento en este caso expedido, quedaron subsanados al concurrir el demandado a la comparecencia que se señaló para el 22 de septiembre.

■ Aunque la Ley de Desahucio en su artículo 5 (Código de Enjuiciamiento Civil, ed. 1933, artículo 624) dispone que "al citarse al demandado se le apercibirá de que no compareciendo por sí o por legítimo apoderado se decretará el desahucio sin más citarlo ni oírlo," nada prescribe para el caso en que el demandante deje de asistir a dicha comparecencia, por lo que precisa recurrir al Código de Enjuiciamiento Civil, cuyo artículo 192 en lo pertinente dice:

"Art. 192. Se podrá desistir de una demanda, o *declararse abandonada,* en los casos siguientes:

"1. .  .  .  .  .  .  .  .

"2. .  .  .  .  .  .  .  .

"3. Por la corte, cuando el demandante deje de comparecer en el juicio, y *compareciendo el demandado,* pida que se declare a aquél desistido.

"   .  .  .  .  .  .  .  ."

No habiendo el demandado solicitado que se declarase al demandante desistido de su acción, no venía la corte obligada a darlo por desistido, y por el contrario actuó dentro de su jurisdicción al señalar de nuevo la primera comparecencia para una fecha posterior. [4] No estando presente el demandante, la cláusula constitucional sobre debido proceso de ley (Ley Orgánica, artículo 2) exigía que se notificase a las partes del nuevo señalamiento y fué por esa razón que ordenó al secretario que "citara" a las partes para la nueva comparecencia. En tales circunstancias, no era nece-

sario expedir y diligenciar un nuevo emplazamiento con todas las formalidades de ley, bastando que se notificase a las partes la fecha señalada para el indicado objeto. [5] Por consiguiente, cualquier defecto de que pueda adolecer el segundo emplazamiento es también inmaterial, puesto que, como hemos indicado anteriormente, la corte había adquirido jurisdicción sobre la persona del demandado desde que asistió éste a la primera comparecencia sin impugnar el primer emplazamiento.

A nuestro juicio la situación prevaleciente en este caso es la misma que se produce cuando llamado un caso a juicio oral y no compareciendo una o ninguna de las partes, la corte, sin oposición de la que haya comparecido, pospone el juicio y ordena al secretario que notifique el nuevo señalamiento a las partes.

No encontrando méritos en el recurso establecido y tratándose además de un procedimiento sumario y rápido como es el de desahucio, procede sin más dilación declarar con lugar la moción del interventor apelado y *desestimar por frívolo el recurso.*

El Juez Asociado Sr. Travieso no intervino.

EN MOCION DE RECONSIDERACION

Marzo 8, 1940

El peticionario en este caso solicita reconsideremos nuestra resolución de 21 de febrero último, basándose en que la opinión que sirvió de base a la misma asume que el peti-

cionario, demandado en la corte municipal, asistió a la primera comparecencia en el caso de desahucio que se señaló para el día 22 de septiembre último. Alega ahora el peticionario que incurrimos en error al asumir la existencia de ese hecho, toda vez que el demandado en realidad de verdad no asistió en ningún momento a dicha primera comparecencia y por consiguiente no se sometió a la jurisdicción de la corte municipal.

Tanto en la petición de *certiorari* presentada en la corte de distrito que motivó este recurso, como en la resolución del juez de la corte municipal, se consigna el hecho de que dicha primera comparecencia fué suspendida por incomparecencia del demandante, de donde se infiere que el demandado debió haber comparecido, pues de otro modo se hubiese suspendido el acto no por incomparecencia del demandante sino por incomparecencia de las partes. Además, en una moción de reconsideración a la resolución de la Corte de Distrito de San Juan, radicada por el propio peticionario, se expresa lo siguiente:

"Que no aparece de los autos elevados de la corte inferior que el demandado dejara de comparecer a la vista del 22 de septiembre, según afirma esta corte en su sentencia, resultando sí de los autos, por el contrario, que quien dejó de comparecer a dicha vista fué el demandante, por razón de cuya incomparecencia necesariamente procedía la desestimación de la demanda de acuerdo con la ley."

Sea como fuere, siendo discrecional la expedición del auto de *certiorari*, tratándose de un procedimiento sumario como es el de desahucio, y existiendo la circunstancia adicional de que el error de la corte municipal, de haber existido, puede subsanarse en apelación en la corte de distrito, no nos sentimos inclinados a expedirlo en un caso en que de los autos no resulta claramente el derecho del peticionario.

*Por lo expuesto, procede denegar la reconsideración solicitada.*